**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

ENRIQUE PEREZ BENITEZ,

    Plaintiff,

v.

SHERIFF STEVE CRONIC,

    Defendant.

CIVIL ACTION NO.
2:08-CV-0057-RWS

## **ORDER**

This case comes before the Court on Defendant's Motion for Summary Judgment [15]. After a review of the record, the Court enters the following Order.

Plaintiff Enrique Benitez, appearing *pro se*, has filed the instant 42 U.S.C. § 1983 against Steve Cronic, the Sheriff of Hall County. (Compl. [1].) Plaintiff complains that while he was at the Hall County Jail, he fell off of the top bunk and damaged two vertebrae. He claims that although he was in severe pain, Defendant Chronic released him from custody at the Hall County

Detention Center and transferred him to the Gwinnett County Jail in order to avoid the cost of his back surgery. Plaintiff asserts that Defendant's alleged conduct constitutes deliberate indifference in violation of his Eighth Amendment rights. (Id.) Plaintiff seeks monetary damages in relief. (Id.) On November 12, 2008, Defendant moved for summary judgment, asserting that the Eleventh Amendment and doctrine of qualified immunity bar Plaintiff's § 1983 claim. (Dkt. No. [15].) The Court now takes up this motion, which has not been opposed by Plaintiff.[1]

## I. Standard on an Unopposed Motion for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court should view the evidence and any inferences that

---

[1]The record indicates that the Clerk of the Court sent a notice to Plaintiff Benitez's address at Rutledge State Prison on November 13, 2008 informing him of Defendant's Motion for Summary Judgment and the twenty (20) day response period. (Dkt. No. [16].) Subsequently Plaintiff filed a notice of change of address pending his parole out of the United States to Mexico. (Dkt. No. [17].) Despite this notice of a change of address, the Plaintiff is currently incarcerated at Rutledge State Prison. Accordingly, the Court finds that Plaintiff was properly notified of Defendant's Motion for Summary Judgment and failed to file a timely response.

2

may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record. See Dunlap v. Transam. Occidential Life Ins. Co., 858F.2d 629, 632 (11th Cir. 1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of the motion). The district court "need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion. United States v. 5800 S.W. 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004). A district court's

3

order granting an unopposed motion for summary judgment must indicate that the merits were considered. Id. at 1102.

With these standards as a foundation, the Court turns to address the merits of Defendant's unopposed Motion for Summary Judgment.

## II. Defendant's Motion for Summary Judgment

Defendant Cronic is the only named defendant in the litigation. It remains undisputed that Defendant Cronic was not personally involved in the decision to transfer Plaintiff Benitez to Gwinnett County Jail. (Dkt. No. 15; Exhibit A "Cronic's Aff." at ¶ 4; Exhibit B "Woods's Aff." at ¶ 12.) As a general matter, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Cattone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir.1999.) Any attempt to hold Defendant Cronic liable in his supervisory capacity for alleged unconstitutional acts by his subordinates requires a demonstration that Defendant Cronic either personally participated in the conduct or the existence of "a causal connection between [Defendant Cronic's] actions . . . and the

4

alleged constitutional deprivation." Cattone, 326 F.3d at 1360. Such causal connection can be established: (1) when "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) when "a supervisor's custom or policy results in deliberate indifference to constitutional rights"; or (3) when "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (internal quotation marks and citation omitted).

Here, Plaintiff neither alleges nor provides any evidence in support of a contention that there is a history, policy or custom of transferring inmates to other correctional facilities in order to avoid health care costs. Viewing the facts in the light most favorably to the non-moving party, no facts in the record indicate that Defendant Cronic directed his subordinates to act unlawfully, that he failed to properly supervise his subordinates, or that he knew his subordinates would act unlawfully and he failed to stop them from doing so. Given the lack of personal involvement and causal connection between Defendant Cronic's conduct and the alleged injury, the Court finds that Plaintiff is barred from any attempt to hold Defendant Cronic liable for the

5

alleged acts of his subordinates.  Accordingly, the Court finds that Plaintiff's claim of deliberate indifference asserted against Defendant Cronic fails as a matter of law.  Defendant's Motion for Summary Judgment is **GRANTED**.

## Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment [15] is **GRANTED**.  The Clerk is directed to enter judgment in favor of Defendant Cronic as to all claims.

**SO ORDERED** this   18th   day of May , 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)